IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,967-01






EX PARTE ANTHONY CARROLL MARSHALL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-0336X IN THE 71ST DISTRICT COURT


FROM HARRISON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty (50) years' imprisonment. The Sixth Court of Appeals affirmed his conviction.
Marshall v. State, No. 06-08-00020-CR, (Tex. App. -- Texarkana, 2008, pet. ref'd.) (not designated
for publication). 

 Applicant alleges inter alia that trial counsel was ineffective for failing to raise the
affirmative defense of self-defense and/or defense of a third person in the guilt phase. Also,
Applicant alleges that counsel was ineffective for failing to request a limiting instruction with
regards to the jury's use of extraneous offense evidence in the guilt phase. Applicant alleges that he
informed counsel that he was a MHMR patient and under psychiatric care at the time of trial. 
Applicant alleges that his competency was never investigated. Finally, Applicant alleges that he was
not allowed to testify in his own defense even though he wanted to do so. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d) to resolve the fact issues. In the appropriate case, the trial court may rely on its personal
recollection. Id. The trial court shall order trial counsel to file an affidavit addressing the following: 
(1) whether counsel raised the affirmative defense of self-defense and/or defense of a third person
in the guilt phase and, if not, why; (2) whether counsel requested that the trial judge give a limiting
instruction with regards to the jury's use of extraneous offense evidence in the guilt phase and, if not,
why; (3) whether counsel investigated Applicant's competency to stand trial and, if so, shall detail
the course of said investigation; (4) whether counsel believed that Applicant was competent to stand
trial and, if so, why; and, (5) whether Applicant informed counsel that he wanted to testify in his
own defense. The trial court shall also instruct the clerk to supplement the record with copies of all
documents pertaining to Applicant's competency including any motions and medical reports, and
the transcription of the court reporter's notes from any competency hearing. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel raised the affirmative
defense of self-defense and/or defense of a third person in the guilt phase. The trial court shall also
make findings of fact as to whether counsel requested that the trial judge give a limiting instruction
with regards to the jury's use of extraneous offense evidence in the guilt phase. The trial court shall
also make findings of fact as to whether counsel investigated Applicant's competency to stand trial. 
The trial court shall also make findings of fact as to whether counsel believed that Applicant was
competent to stand trial. The trial court shall also make findings of fact as to whether Applicant
informed counsel that he wanted to testify in his own defense. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 1, 2009

Do not publish